IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | ) | Criminal No.  **10-30043-MJR** |
| **JAMES M. STROWDER,** | )<br>)<br>) | |
| Defendant. | ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

On March 25, 2010, defendant James M. Strowder was released on bond. The conditions of his bond required, among other things, that he not commit another federal, state or local crime and that he not possess a firearm. **See, Doc. 15.**

This matter is now before the court on the Government's Motion to Revoke Bond. **(Doc. 22).** While represented by counsel, defendant waived his right to an evidentiary hearing in open court on August 25, 2010. Defendant did not oppose the Government's motion.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;  or
>     (B) clear and convincing evidence that the person has violated any other condition of release;  and
> (2) finds that–
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;  or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person

>committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

**18 U.S.C. § 3148(b).**

Based upon the waiver and the motion to revoke, the court finds by clear and convincing evidence that defendant sold crack cocaine to law enforcement officers on August 24, 2010. Further, on that same date, officers located a 9mm handgun in a ceiling tile of the front room of defendant's residence. In addition, on August 24, 2010, defendant was located at another residence where drugs are known to be used, and a witness there stated that he or she had bought drugs from defendant twice while he was pretrial release. These acts are obvious violations of the conditions of defendant's pretrial release.

The court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that James M. Strowder will not pose a danger to the safety of any other person or the community. This Court finds that it is highly unlikely that he would abide by any condition or combination of conditions of release which could be devised.

**IT IS THEREFORE ORDERED** that the Government's motion to revoke James M. Strowder's bond **(Doc. 22)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, James M. Strowder , be committed to the custody of the Attorney General for confinement in a corrections facility; and that the defendant be afforded reasonable opportunity for private consultation with his counsel; and that, on order of a court of the United States, or on request of an attorney for the Government, the

person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**IT IS SO ORDERED.**

**DATED: August 26, 2010.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**